(60 Misc. Rep. 573.)

## MATTISON v. MATTISON.

(Supreme Court, Special Term, New York County. October, 1908.)

1. DIVORCE (§ 54*)—DEFENSES—RECRIMINATION.

> Under Code Civ. Proc. § 1756, making adultery a ground of divorce, and section 1758, providing that a divorce may not be had, though adultery is established, in the instances therein declared, abandonment by a husband of his wife will not prevent him from obtaining a divorce for her subsequent adultery.

> [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 195; Dec. Dig. § 54.*]

2. DIVORCE (§ 45*)—DEFENSES—CONNIVANCE.

> Neither under rule 72, Gen. Rules of Practice, providing that unless it shall be averred in the complaint for a divorce for adultery that the adultery was committed without the consent, connivance, privity, or procurement of plaintiff, etc., judgment shall not be rendered for plaintiff until plaintiff's affidavit be procured setting up such facts, nor under Code Civ. Proc. § 1757, subd. 1, providing that if the answer does not put in issue the adultery, or if defendant makes default, plaintiff must nevertheless satisfactorily prove the material allegations of the complaint, can it be held that because a husband deserted his wife he thereby consented to a subsequent adultery by her, or that there was in any sense either connivance, privity, or procurement to the act.

> [Ed. Note.—For other cases, see Divorce, Dec. Dig. § 45.*]

Divorce by Richard V. Mattison, Jr., against Agnes C. Mattison. Judgment for plaintiff.

Blandy, Mooney & Shipman (Edmund L. Mooney and Andrew J. Shipman, of counsel), for plaintiff.

Hymes, Woytisek & Schaap (Edward Hymes, of counsel), for defendant.

ERLANGER, J. The plaintiff charges the defendant with having committed adultery, and seeks in this action to divorce her. By her

amended answer she tenders the general issue and counterclaims for abandonment and cruelty, and a limited divorce is sought for such grounds. Plaintiff replies by denying the charges so made against him, but does not set up justification.

Two decrees cannot be made in the action, therefore one of the two prayers for relief must fail. If the graver offense has been committed and is established by clear and cogent proof, the court has the power to grant the divorce; and it follows that if the counterclaim alone was proven, a decree can be made accordingly. The defendant maintains that, where a spouse abandons the other without cause therefor, a divorce cannot be granted on the ground of the subsequent adultery of the one so abandoned, and this upon the theory that by the abandonment the marital contract was first breached by the one guilty of the desertion. This seems to be the law in some jurisdictions; in others the principle so established has not been followed. In the case of Richardson v. Richardson (brought in the Second Department) 114 N. Y. Supp. ——, the identical question was raised before a referee. There the wife deserted the husband, and a divorce was denied her because of the husband's subsequent adultery, the finding being rested upon two grounds, namely: That the wife first breached the contract by deserting her husband, and, therefore, she could not complain of his breaches which followed; and, further, that her willful desertion constituted consent and connivance, if not privity and procurement. Counsel for the defendant in his brief states that the finding of the referee was confirmed at Special Term. With great respect for the finding so made, I do not think that such is the law of this state. By sections 1756 and 1762 of the Code, the instances where an absolute divorce or separation may be had are particularly specified; and by section 1758 of the same act, although adultery has been proved, the examples are enumerated where divorce must be denied. Our laws, therefore, provide under what circumstances a decree may be made; but, when the proof falls within either of the sections, the divorce is to be granted or withheld according to the facts. As long as the statute exists, the duty is imposed upon the court to follow its provisions; and I have been unable to find an adjudicated case in this state which will justify the nullification of the act by me, if the crime charged has been satisfactorily proved. True, desertion is a distinct breach of the contractual relation; but, unless the law expressly declares that in such a case a divorce may be refused, or must be withheld, I do not think that it is within the power of the court to deny relief. I am further of the opinion that neither under rule 72, General Rules of Practice, nor under subdivision 1 of section 1757 of the Code, can it be spelled, because the plaintiff deserted the defendant, that he thereby consented to the adultery charged against her, or that there was in any sense either connivance, privity, or procurement to the act. The action was not commenced until August, 1907. The abandonment is alleged to have occurred on August 5, 1905. Two years almost to the day elapsed between the two events. Both the abandonment and the alleged acts of cruelty long antedated the beginning of this action; but, not until it was brought and until she was accused, was a limited divorce sought. Conceding her right to bring

an independent action or not as she preferred, whenever it pleased her so to do, the fact that she waited until she was herself charged gave the innocent party nevertheless a cause of action under the statute upon the discovery by him of any act of infidelity. Abandonment confers no license on the deserted party to offend against the marital vows. If deserted, she has her remedy under the law; but she may not violate its enactments without incurring its penalties. I am not unmindful of the duties imposed upon the husband, nor of the consequences which may result when an abandoned wife, a stranger in a great city, is forced to battle against adverse circumstances. However, if spouses live apart, whether by consent or by decree, each is liable for any transgression of the conjugal relationship; and, should either disobey the statute, an action for divorce would lie; and it seems to me that the same rule applies to the case of desertion. In the cause before me, the abandonment was conceded, and, whether justified or not, need not, in the view I take of it, be considered. The voluminous record was carefully examined by me, and some portions of the evidence read a second time, in the hope of being able to reconcile the facts proved with the innocence of the defendant. I have been unable, however, to reach such a determination. To marshal the facts and to analyze them to prove defendant's guilt would be simply to add to the literature of this unfortunate case, and might only give additional pain to the parties concerned; and for that reason I prefer upon the proofs to state merely my conclusion, and that is, sentence of divorce must follow.

Judgment for plaintiff.